We will hear our second case of the morning, Calvin Uretsky v. United States of America, case number 22-3016. Counsel, how much would you like to reserve for rebuttal? Five minutes, please. My name is Daniel, may it please the Court? My name is Daniel Bretsius and I represent Mr. Calvin Uretsky. We are here today because the New Jersey Affidavit of Merit procedure has deprived Mr. Uretsky of his right to present his case in federal court regarding injuries he sustained due to the acts and omissions of personnel from the Department of Veterans Affairs. Let me just ask this, how do we get past Nuveen? I've read Nuveen, our case in Nuveen, more times than I cared for a redhead. And I just can't get past it. I mean, there's a distinction that we have not made that probably shouldn't be made between diversity jurisdiction and subject matter jurisdiction. You're on subject matter jurisdiction. Most of the cases, including Shady Grove and Chamberlain, are diversity jurisdiction. But Nuveen was federal question jurisdiction. It was a bankruptcy matter. I just don't know how we get past that. So Nuveen, while it discussed Shady Grove very briefly, it went and immediately and did the analysis under Erie. Where Shady Grove and all the progeny from that say you can't go to that step before you discuss Shady Grove. And whether there's a federal rule that already answers the question and dispute. Nuveen says Twombly, Iqbal, and Shady Grove do not alter the conclusion that the New Jersey's Affidavit of Merit Statute can be applied in federal court without voiding any federal rules. Like that's the holding. Correct. And the Shady Grove, the question that Shady Grove, or the holding that Shady Grove had was, is there a federal rule that answers the question in dispute? It's not that there's a conflict, a collision, an act of eliminating a federal rule. It's whether the federal rule already answered the question. It struck me that Nuveen focused really on a couple of federal rules, eight and nine, maybe to some extent 12, kind of in the post-Iqbal-Twombly era. I don't think there was any consideration of Rule 11, Rule 11A in Nuveen. And so to the extent that it's holding says, hey, no conflict with these rules, no tension with these rules. But Rule 11A says something very different. And it says that the signature of an attorney suffices. No accompanying affidavit or verification should be needed. So are we, it strikes me that if, are we to look at Nuveen and say it's a fine holding for Rules 8, 9, and maybe 12. But Nuveen did not consider any collision, conflict with 11. And now we have a live issue that wasn't addressed in Nuveen where we have to account for Shady Grove post-Nuveen. And hence, because you, I think, obliquely referenced 11 in your briefing, that we should consider 11 as the operative point of tension. And that tension being New Jersey says there should be an affidavit of merit. And Rule 11 says no affidavits are required. Yeah, I think to your Honor's point, since Gallivan, the Sixth Circuit in 2019, numerous cases have found this way. And they said, you know, all these rules, you know, they even go against Nuveen and they say that 8 and 12 and everything else. They also say 11, no affidavit requirement, no affidavit needed. It's the Gallivan progeny. I think there's eight or nine cases at this point. They do point to that. There are other cases out there that say, okay, let's pretend that this is an early expert opinion report. I think Passmore Interpreting, Texas, I think it was 2015 or 2016. They said, okay, well, if it's not a pleading requirement, it's not in conflict with 11, then it's in conflict with 26 and 37. Because here we have a requirement that a plaintiff come with an expert opinion, you know, basically at the start of the case. And that's in conflict with 26 and 37, which allow the plaintiff, like Mr. Uretsky, to do depositions, to do factual investigation, to hire an expert, to come with that expert and present the case. So I think, you know, if you wanted to say Nuveen was good for 8, 12, you know, you still have 11. You still have 26. You still have 37. There is fundamentally a conflict here because New Jersey's affidavit of merit law is trying to do something that the Federal rules collectively have, as you said, set forth that there's non-affidavit requirement, there's only a pleading requirement, and that's what we have to move forward with. It's also inconsistent with Rule 56, summary judgment. Yes. But Nuveen did consider Rule 56. Yes. So the background here, as applied, there was a motion to dismiss filed by the government, which, as you're aware, is to attack a pleading. So it seemed that the affidavit of merit was a pleading requirement based on what the government filed to begin with. As we've discussed through our briefing, once the district court converted that to a motion for summary judgment, there was nothing done. There was no statement of undisputed facts. There was nothing after that. And in the process, we looked at 56 and we said, hey, we don't need an affidavit. The rules say we don't need an affidavit. In response, the government said, okay, you don't need an affidavit, but you need a sworn declaration. And when you look to New Jersey's case law, there's two cases starting with Hornblatt and then a follow-on in 2000 that say a declaration is not required. You can have a letter, you can have a certification, which they say is, you know, a fancy letter that says, hey, I, you know, everything I wrote here is on my merit. It's on my letterhead. I'm putting my reputation up there. So I think, to your point, 56 also causes some conflict with requiring this affidavit of merit as applied here because, you know, 56 says you don't need an affidavit. So how can we require an affidavit of merit? So, but, I mean, at one level, we're in the FTCA space. Correct. And the FTCA basically, as I understand it, says we're going to look to state substantive law. And so that's what they're doing, state tort law. I think the silent part of that, maybe it's not so silent, is that we're going to use federal procedural law. So we're kind of in an eerie-esque scenario. And the question is, why isn't the affidavit of merit a substantive statute? It's clearly outcome determinative in New Jersey. You fail to bring one of these within 60 days from the answer, you lose. And so isn't that substantive? Or are we supposed to, are we supposed to say, oh, some outcome determinative procedural rules are still procedural rules? Where are we on this? Yeah, so there's two things. So the New Jersey Supreme Court has said that it is procedural at least five times since their first decision interpreting this law. The second is that the FTCA incorporates substantive liability into the statute. So this doesn't change the liability, this doesn't change whether the government is or is not liable for the actions of its personnel. It changes whether Mr. Uresky gets to bring his case to do that. And the government has argued that this adds an element to the claim, which kind of brings us back circuitously to the fact that then we need to plead it. And it's a pleading requirement and we're conflicting with the rules we've already discussed. So even if we look at the FTCA and we try and figure out is it substantive, is it procedural, we don't come down with it being substantive liability law. At best it's some type of substantive law, as Your Honor has indicated, that's outcome determinative, but it's not incorporated by the FTCA. But the most important thing to consider while we're doing that analysis is that we have to pass Shady Grove before we even get to that question. And so finish that thought. You say that it can't pass Shady Grove? I say that it can't pass Shady Grove because Shady Grove and Gallivan and all the progeny since have said that when states enact these procedures, they're adding requirements that the federal rules don't require. The federal rules are permissive to allow a plaintiff to come in, to plead something, to put the other side on notice, and after that notice pleading, they're allowed to conduct their case. So, I mean, maybe I go back to my colleague's questions then, because we're in a weird space, because Naveen didn't necessarily do too much of that Shady Grove, at least first step analysis. And so I guess what you're saying is we aren't bound by Naveen because Naveen is the plaintiff, and we're not bound by Naveen because Naveen is the plaintiff. And so we should, I guess, ignore our precedent construing the Supreme Court precedent and just reconstrue the Supreme Court precedent? Correct. So Naveen jumped out of line, and I think understandably it was new at the time, I think it was like a year and a half, two years after Shady Grove. We've now had a decade worth of history there. But, I mean, that sounds like you're making a play for en banc review more than you're making a play for what is traditionally in the realm of what a panel does? I would say that this is still a panel decision. I wouldn't say that we need to look, you know, to anything profound here. I mean, we have cases from the Second, the Fourth, the Sixth, and the Seventh Circuits. I mean, if this Court were to decide against Mr. Resnick in favor of the government, we'd be creating a circuit split. Well, I mean, what does that look like when we write the opinion and we describe Naveen? Like, how do we, how are we distinguishing that? How are we not essentially, help me with that? Yeah, so I think it's kind of compounded effect here. So, Naveen looked at Chamberlain, which was a 2000 decision, and they relied heavily on Chamberlain as grounds for no conflict. But Chamberlain didn't have the benefit of Shady Grove at all. Naveen comes along and they have this little tiny sliver just to mention Shady Grove exists, but don't go through any of the analysis, don't even cite. It's very shady. What you're saying is that Naveen is not very thorough or comprehensive, not well written. I'll tell DeGembro you said that. But they said very clearly Shady Grove clarified the second caveat in the area analysis. And then as Judge Montgomery said, the Court stated that after looking at Shady Grove and Chamberlain, very clearly said that the AOM statute has no effect on what is included in the pleadings of a case or the specificity thereof. Then it goes on to mention Rule 8, which was Judge Phipps' point. But you might be able to write around it, but boy, I might have to try that. But you're not asking for Montgomery's view. If that comes your way, I'm sure you won't object to it. Yeah, I would not object to it, but I do not believe that we need that, given we have 11, we have 26, we have 37, we have Gallivan. We have a whole bunch of collective analysis here. So let's just say we follow Naveen, skip the Shady Grove analysis, right? Naveen seemed to skip some of the Shady Grove analysis. Let's say we follow Naveen in that respect, we skip it. I think what you're saying is even if we do that, we aren't bound by Naveen because Naveen was a Rule 8, 9, 12 case. You're presenting a Rule 11, 26, 37 case. Is that right? We would argue all six, but yes, absolutely the latter three Naveen didn't discuss at all. And Gallivan focuses, there are cases in the progeny that focus on those rules as well. We'll hear from you on Roboto. Thank you. Thank you. Good morning, Your Honors, and may it please the Court, Katherine Potty for the United States. This Court has consistently held that the certification required... Just pull the microphone, you've got a very soft voice. Pull the microphone, if you can, a little bit closer to your face. Thanks. This Court has consistently held that the expert certification required under New Jersey law is not a pleading requirement nor any kind of mere procedural rule. Rather, that it is substantive state law that goes to the heart of the malpractice cause of action, and that it is not a pleading requirement. As defined by the legislature, and also that a failure to provide this affidavit does not render the pleadings insufficient, but means that plaintiff cannot prevail on his claim. Haven't we usually held that in diversity cases, not federal question cases? That's right, Your Honor, but the analysis about whether the law itself was substantive, and the invocation of the state's Supreme Court decisions explaining the substantive motivations of the law, are binding to that extent. The analysis is not exactly identical between diversity cases and an FTCA case, but the analysis of the substantive nature of the state law concerning state analysis is. But your opponent says that the New Jersey Supreme Court says that this is a procedural law. Do you agree with that? And if so, what are we to do with that? No, Your Honor, the New Jersey Supreme Court has repeatedly explained that this law has procedural aspects to it. It has procedural aspects, but also very strong substantive components. Coren Black made this distinction as well, referring both to the procedural requirements and to the substantive requirements of the statute. So, sorry to interrupt you, I apologize. So, let me just trace what you said. It sounds to me like if we're going to view this as kind of a hybrid substance procedural rule, the substantive part seems to be the AOM, the Affidavit of Merit. The procedural point might be 60 days, 30 days, 90 days, 120 days. That might be more of a procedural process. Is that, you said it has both. What parts, have I partitioned that correctly? Or do you see some other partition for the substance and the procedure here? I think that's basically right, Your Honor. That is the analysis that the Seventh Circuit conducted in Young. And I think state rules will often indicate or contain procedural aspects that will dictate how the rule is enforced in state court. And that's nothing new, but in federal court, we enforce them through the federal rules. And as the Seventh Circuit explained in Young, there is a federal rule appropriate for enforcing this substantive requirement. So, let me just tease, if we agree with you, right, that this affidavit requirement is substantive. It seems that there's another shoe to drop, which is that then the no affidavit component of Rule 11A would also be substantive. And if that's substantive, then that offends the Rules Enabling Act, which basically says you can't infringe in a substantive space on procedural rules. So, if we buy what you're saying, that a requirement to have an affidavit is substantive, then it strikes me that an affidavit, then a rule that says, you don't need an affidavit, would also be substantive. And if so, you're in essence asking us to void Rule 11A, even though you might not ask for that. Absolutely not, Your Honor, and I appreciate the opportunity to clarify. Some other states have statutes requiring an affidavit of merit to be provided with the complaint. And to the extent that a state requires the affidavit of merit as part of the pleadings, the thing you need, even to get an affidavit of merit, to get into federal court and to commence an action, then that is what would conflict with the pleading rules in Rule 11A. But the... Well, I thought a minute ago we just said that timing didn't matter. And so now you're saying if it has to be on the same day as the pleading, then that's dispositive. But a minute ago I thought we said the timing component was procedural, and therefore we're looking at what federal rules would say on that. Well, not timing in and of itself, but the pleading requirements. And so that itself is what I'm talking about here. Some statutes have required it as a pleading requirement. That is what Gallivan explained in the Sixth Circuit. The Corley case in the Second Circuit involved a dismissal for insufficient service of process. The Pledger case in the Fourth Circuit discussed a prerequisite to even bringing your case. And the Pledger case cited approvingly the Young case in the Seventh Circuit. Can you just go back to my question, though? Because I'm still not... I still don't understand the significance of your answer. If we find that this state statute is substantive, then why isn't Rule 11 substantive? The state statute does not implicate Rule 11. But... Just... Let's say... Fine. But my question is how do we hold that a state statute requiring affidavit is substantive without someday, maybe not this case, but someday later, someone coming to us and saying, see, a statute requiring an affidavit is substantive. Therefore, when Rule 11 doesn't require an affidavit, that's just the flip side of that substantive coin. No, Your Honor. So why... I need... I want to know why. The answer is that this... The core part of this requirement is that an expert with the same specialty as the defendant evaluate the substance of these claims and determine that they have merit. That is the substantive requirement here. New Jersey has said that you cannot make your case without this expert affidavit. Here, on summary judgment, he did not provide an expert certification of any kind, other than the dermatologist's letter and the Board of Veterans' letter. That is the substantive requirement of the Board of Veterans' appeals, and for the reasons explained in the district court's opinion, those fall far short of the specialty-specific affidavit or certification required under New Jersey law. But none of that is... You'll agree, none of that is required by Rule 56. I think you just said that. Summary judgment under Rule 56 does not require anything like that. Summary judgment under Rule 56 does require the presentation of expert testimony, and the... I think you just said that it is necessary to prove... Why isn't there a federal conflict there? Because the New Jersey Supreme Court has made very clear, and the New Jersey legislature has made clear, that you cannot make your case without this expert certification. No, no, I agree, I agree. But to me, that says that there's a conflict between the state rule and the federal rule. No, Your Honor, because no matter when you present... At no point was he... Did he say that he was going to present the certificate. He was given ample opportunity to present the certificate, and you have to present this in order to make your case. Not just that you have to present it by... Well, so that's the key. You're not only presenting it to make your case. The way I look at it is it's basically a way of knocking out, and I think the Court has said this, knocking out frivolous malpractice claims. Clearly, even without the requirement for a certificate of an AOM, you can have a situation where you get to the jury, and the jury would say, look, this is a laugher, this is ridiculous. This guy's not even a certified physician. There's nothing here. The New Jersey statute is precluded to make sure if you get that kind of a... If you get that kind of a suit, you never get as far as a jury. But that's different from Rule 56. 56 does not have the kind of quality control that is the AOM in New Jersey. It really is just quality control. Well, this is bound up with the plaintiff's burden of proof here. The existence of expert testimony is required in these types of cases. But why is it required? Under New Jersey law, there is a common... Do you have your cause of action without the AOM, but you just can't get to court? You still have your cause of action, don't you? The New Jersey Supreme Court has explained that the failure to submit a certificate goes to the heart of the cause of action as defined by the New Jersey legislature. So you can file your complaint, but you cannot prevail on your claim without providing... And just to follow up. It's one thing if a case in federal court goes the full length, goes full duration. We're done with the jury, everything like this, and someone wants to move for a directed verdict and say, you know what, at no point in time in this process have you submitted an expert with the same substantive knowledge as against a professional that you're bringing a malpractice case against. We already discussed that some parts of this are substantive, some parts of this are procedural. So I get at some point in time, New Jersey can say, in order to prevail, you need that expert. The real question, I think Judge McKee was getting at this, is why now? Why 60 days afterwards? Why a summary judgment? Someday, yes, that's the substantive component. But 60 days as a screening out method that they don't have a corresponding rule for in federal court strikes me as procedural in intention. Your Honor, neither the district court nor the government sought to hold plaintiff to any of the procedural strictures of the statute here. Both agreed to multiple extensions, gave him repeated explanations of his options in invoking one... That's not what I asked. I'm sorry, Your Honor, if you could repeat your question. My question went, you and I had a prior conversation, and our prior conversation was the New Jersey statute can be split into a substantive component, and I think what you're telling me the substantive component is it would require testimony, sworn testimony by an expert with the same substantive knowledge. That's probably substantive, but there's also a procedural part which relates to timing. I said 60 days, 45 days, 120 days. But what if it was just at the end of the case? We could still vindicate that substantive requirement saying that if you make your whole case plaintiff, and at the end of it, you don't present an expert with the same substantive knowledge, then direct verdict's just going to have to go down. But to say that it has to happen 60 days after an answer strikes me as the procedural component that we're fighting over. Do you understand that? I understand, Your Honor, and I apologize for misunderstanding earlier. Summary judgment is also a mechanism in federal court for addressing the lack of evidence at a reasonable time in the case, at the summary judgment stage in the case, before the direct verdict. So maybe it could happen at Rule 56-2. And I think that is exactly what Judge Easterberg explained in the Seventh Circuit opinion in Young, which is that summary judgment is the appropriate federal procedure. And I misunderstood before, but I did want to emphasize that the procedural timing of 60 to 120 days is not the basis upon which the Court ruled below because he got months and months, and an additional 30 days even several months after he had said that he wanted the government to proceed and file its motion. He did say that he did not want any more time. The Court repeatedly said that if he changed his mind, if he wanted any more time, then the Court would give him more time. No question about it are the words that the Court used. And so this really was not a case in which the procedural aspects of the rule were being enforced against the plaintiff. It was just the substantive failure to provide the required expert attestation by summary judgment. And that's what we have here. It is an indication that plaintiff could not and would not be able to satisfy his burden of proof because he could not provide the expert attestation at the summary judgment stage. Assuming the AOM applies, help me understand why the BVA order and Dr. Cohen's letter don't show substantial compliance here. What part of the statute's purpose is not fulfilled? So the BVA order first was insufficient because it was prepared by a veteran's law judge with no... I understand. I'm not asking about technical compliance. I'm asking about substantial compliance. I understand that the BVA letter was signed by a judge, and I understand that Mr. Cohen's letter was not an affidavit. My question is why there is not substantial compliance. Sure. And I think if we look at the details of the BVA order's reasoning, that can help us understand why it is insufficient as a substitute. The order says that the record itself reveals only that plaintiff sustained a severe laceration to his right foot during the procedure. It then relates plaintiff's statement that he flinched due to momentary pain during the procedure, and that's when the podiatrist's scalpel went into his heel. And on that basis, the Board of Veterans' Appeals determined that compensation was warranted. That falls far short of a statement that under New Jersey law, there was a deviation from the care, skill, or knowledge exhibited in the treatment. With respect to the dermatologist's letter, the dermatologist also does not make this statement with any specificity whatsoever. And as the district court explained, the dermatologist's letter, the closest it comes to making that statement is pointing to the skin graft, the allograft placed on his foot, and says that there was a deviation from the manufacturer's recommended protocol, without saying whether that itself was a deviation from the treatment practices used by others in the same specialty. And falls far short with respect to any of the other counts as well. And I do want to mention that the district court did consider each of the exceptions to New Jersey's Affidavit of Merit requirement, including the substantial compliance and including extraordinary circumstances, and found that none applied here. If there are no further questions, we ask this court to affirm. Thank you, counsel. Thank you. We have five minutes for rebuttal. Thank you, Your Honor. There's five points that I'd like to try and make quickly and efficiently, if I may. I'm happy to take any questions you have as well, but I'll start with those. So the first is the government cites the Cornblatt and says that Cornblatt says this is not a pleading requirement. On the bottom of our, on page 19, the bottom, carrying over to page 20 of our reply brief, I'm sorry, that's actually page 18 to page 19. We cite to Cornblatt, and Cornblatt says specifically, quote, the provision for the filing of an Affidavit of Merit under the statute imposes a pleading requirement. I feel that that's pretty crystal clear, that the AOM is a pleading requirement, but that's what the New Jersey Supreme Court said. So, you know, your point made some pretty persuasive points with respect to Rule 56. And so let's just say we can carve up this rule into subsequent procedural parts, right? Your case got kicked out on summary judgment. Correct. It was from a motion to dismiss that was converted without any subsequent filings and then a motion for summary judgment. And the rules allow that. Right. But it was before any discovery was done. Mr. Yeratsky's rights to defer it for the acquisition of further discovery under 56D were foreclosed against him. He wasn't even able to argue that. So let's just take a slightly different case. Let's say there was all those goodies that you can get in discovery and you could learn all of these things first. Do you agree that if a malpractice claimant came forward without the requisite substantive requirements of the AOM statute, not that it be in an affidavit, not that it be 60 days afterwards, but the substance that we have an expert with substantive knowledge talking about the standards that happen, you agree that then there would be no conflict if a district court kicked that out, right? I think given that there's opportunity for the plaintiff to get records, everything else, all those steps have been done. For example, here we have the BVA order where the BVA specifically said, quote, the cut to the veteran's right heel does not meet the duty of care expected of a reasonable health care provider. If we have the government already saying that in a separate proceeding, we're clearly not, this is not, count four is not a frivolous claim. I mean, the BVA has already said it's not frivolous and granted benefits. We have Dr. Cohen's letter for count two that the government has already admitted that meets the matter of substance. All we're arguing about here is whether it's a letter or an affidavit or a sworn declaration. So I think your point, if there's a case where none of these facts exist, maybe there is a situation where a plaintiff can be kicked out because they brought absolutely nothing. But Mr. Aretsky has brought things that meet that substance requirement. The government has already admitted that with the BVA, and they've admitted that with regards to count two. So the substance here has been met. So even as applied to Mr. Aretsky, I think we've already crossed that hurdle. You know, the government also discussed that Mr. Aretsky said he didn't want more time to find further documents. There's a missing peer review from Dr. Simon. There's a March 2020 medical opinion that was created by BVA personnel. Those are not in the record. The government doesn't deny that Mr. Aretsky doesn't have those. When he was discussing with the district court, the district court said, hey, do you need more time, Mr. Aretsky expressed frustration and said, we're not going to get them. We haven't gotten them already. The government at that point didn't know even if the peer review existed. We later discovered three months after that that it had been destroyed. The government argues there's justification for that. However you slice it, it was destroyed. Mr. Aretsky is never going to get that peer review. The VA personnel have told him his claim has merit, and he doesn't have access to that document. That document is something that an expert would clearly want to look at while they're coming up with this affidavit of merit, and furthermore while he's presenting his case to the jury. So, you know, the facts that we have as applied here, even with Mr. Aretsky, say, you know, he should get a chance to develop his case. He shouldn't be kicked out on summary judgment, especially when in most cases summary judgment waits until discovery closes. So if even we were to say, you know, when this affidavit of merit issue up on summary judgment, it should be, you know, at least close to the close of discovery, not the beginning of discovery. And I think that's everything that I wanted to discuss. If there are any more questions, I see I'm short on time, but happy to answer them. Thank you very much. Thank you.